OPINION
Defendant-appellant Weldon K. Reynolds appeals from an order classifying him as a sexual predator, pursuant to R.C. Chapter 2950. Reynolds argues that R.C. Chapter 2950 violates the prohibitions against cruel and unusual punishment, double jeopardy, impermissibly vague laws, and ex post facto laws contained in the Ohio and federal constitutions. Reynolds further contends that his trial counsel provided him with constitutionally ineffective assistance by failing to raise all but one of the above arguments at the hearing held to determine his sexual predator status.
Pursuant to our decision in State v. White (Nov. 5, 1999), Miami App. No. 98-CA-37, unreported, we conclude that R.C. Chapter 2950 does not violate the constitutional provisions listed above. Consequently, Reynolds's trial counsel did not provide constitutionally ineffective assistance of counsel by failing to raise those arguments at the hearing held to determine Reynolds's sexual predator status. However, pursuant to White, supra, we conclude that the provision in R.C. 2950.09(B)(2) requiring a trial judge to consider certain factors in making the finding of fact whether a sexual offender is likely to re-offend encroaches upon the judicial power in violation of the separation of powers implicit in the Ohio Constitution. Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for proceedings consistent with this opinion.
 I
On April 26, 1996, Reynolds was indicted on six counts of Corruption of a Minor. He subsequently pled guilty to three of the counts, and was sentenced accordingly.
On July 6, 1998, the State petitioned for a hearing to determine Reynolds' sexual predator status. A hearing on the petition was held on September 10, 1998. The following day, the trial court issued an order, determining that the State had proved by clear and convincing evidence that Reynolds was a sexual predator, as defined under R.C. 2950.01(E).
Reynolds appeals from the trial court's order determining him to be a sexual predator.
 II
Reynolds' assignments of error state as follows:
 I. THE TRIAL COURT COMMITTED PLAIN ERROR IN LABELING WELDON REYNOLDS A SEXUAL PREDATOR BECAUSE THE REGISTRATION PROVISIONS OF R.C. CHAPTER 2950, AS AMENDED BY H.B. 180, CONSTITUTE CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 9, ARTICLE I OF THE OHIO CONSTITUTION.
 II. THE TRIAL COURT ERRED IN LABELING WELDON REYNOLDS A SEXUAL PREDATOR BECAUSE R.C. CHAPTER 2950, AS AMENDED BY H.B. 180, IS UNCONSTITUTIONAL AS APPLIED TO MR. REYNOLDS, WHOSE OFFENSES WERE COMMITTED BEFORE THE EFFECTIVE DATE OF THE AMENDMENTS. THE LAW'S RETROACTIVE APPLICATION VIOLATES THE EX POST FACTO CLAUSE OF THE UNITED STATES CONSTITUTION.
 III. THE TRIAL COURT COMMITTED PLAIN ERROR IN LABELING WELDON REYNOLDS A SEXUAL PREDATOR BECAUSE R.C. CHAPTER 2950, AS AMENDED BY H.B. 180 AND AS APPLIED TO MR. REYNOLDS, CONSTITUTES DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.
 IV. THE TRIAL COURT COMMITTED PLAIN ERROR IN LABELING WELDON REYNOLDS A SEXUAL PREDATOR BECAUSE R.C. CHAPTER 2950, AS AMENDED BY H.B. 180, PROVIDES NO GUIDANCE AS TO HOW THE FACTORS IN R.C. 2950.09(B)(2) ARE TO BE CONSIDERED AND WEIGHED, RENDERING THE LAW VAGUE, IN VIOLATION OF THE DUE PROCESS CLAUSES OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION.
 V. WELDON REYNOLDS WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL, A RIGHT SECURED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 10
AND 16, ARTICLE I OF THE OHIO CONSTITUTION, WHEN COUNSEL FAILED TO RAISE ISSUES AT MR. REYNOLDS'S SEXUAL PREDATOR HEARING THAT WOULD HAVE CHANGED THE OUTCOME OF THE HEARING, HAD THE TRIAL COURT APPLIED THE APPROPRIATE STANDARDS.
In White, supra, we held that because R.C. 2950 is not a punishment, but rather a remedial measure designed to ensure public safety, it does not violate the prohibitions against cruel and unusual punishment, double jeopardy or ex post facto laws contained in the United States or Ohio constitutions. We also held in White that the factors set forth in R.C. 2950.09(B)(2) are not impermissibly vague in violation of the Due Process Clauses of the United States or Ohio constitutions, and that R.C. Chapter 2950 did not constitute an unreasonable exercise of the police power, nor a denial of equal protection of the law in violation of Sections 1 and 2, Article I, of the Ohio Constitution.
Reynolds's first four assignments of error raise the same constitutional arguments that were raised and rejected in White.
We reject them here for the same reasons stated in that opinion. In his Fifth Assignment of Error, Reynolds argues that his trial counsel provided constitutionally ineffective assistance by failing to raise the constitutional arguments listed in his First, Third, and Fourth Assignments of Error. Because we have rejected those arguments, Reynolds was not prejudiced by his trial counsel's failure to raise them; therefore, he cannot prevail on his ineffective assistance claim. Strickland v. Washington
(1984), 466 U.S. 668, 687.
Accordingly, Reynolds' First, Second, Third, Fourth and Fifth Assignments of Error are overruled.
 III
There is one additional assignment of error we need to address in the instant appeal:
 VI. THE TRIAL COURT COMMITTED PLAIN ERROR IN LABELING THE DEFENDANT-APPELLANT A SEXUAL PREDATOR BECAUSE R.C. 2950.09(B)(2) WHICH PRESCRIBES FACTORS FOR THE TRIAL COURT TO CONSIDER IN ADJUDICATING THE QUESTIONS OF FACT WHETHER AN OFFENDER IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES ENCROACHES UPON THE JUDICIAL POWER, IN VIOLATION OF THE SEPARATION OF POWERS IMPLICIT IN THE OHIO CONSTITUTION.
Although Reynolds, who is represented by the Ohio Public Defender's Office, has not actually raised this assignment of error, the Ohio Public Defender's Office did raise this assignment of error in White, supra, in response to our request that the parties brief the issue of "whether the provisions in R.C.2950.09(B)(2) prescribing factors for the trial court to consider in adjudicating the question of fact whether an offender is likely to engage in the future in one or more sexually oriented offenses encroaches upon the judicial power, in violation of the separation of powers implicit in the Ohio Constitution." White, supra.
Because Reynolds and the defendant-appellant in White are similarly situated, we shall treat the supplemental assignment of error regarding the separation of powers issue, raised in White, as if it had been raised here.
In White, supra, we held that the provision in R.C.2950.09(B)(2) requiring a trial judge to consider certain factors in making the finding of fact whether a sexual offender is likely to re-offend, encroaches upon the judicial power in violation of the separation of powers implicit in the Ohio Constitution, because the adjudication of disputed facts is a core function of the judicial branch, and, therefore, the General Assembly may not impose upon the judicial branch its determination of what evidence is relevant to that factual determination. Nevertheless, we also held that the separation of powers violation in R.C. 2950.09(B)(2) did not "affect the otherwise valid and proper finding that R.C.2950.09(A) requires the court to make, which is whether a defendant is a "sexual predator" and thus subject to the registration and report requirements which the statute imposes." We concluded as follows:
 [T]he purpose underlying R.C. 2950.01, et al., can be served by severing the factors set forth in R.C. 2950.09(B)(2) from the rest of the statute, and enforcing the statute minus the prescribed factors. This may be accomplished without mandating that trial courts consider certain factors in making the requisite finding of fact. Consequently, we only find the mandated consideration of factors to be unconstitutional, not the balance of the statute. White, supra.
Pursuant to our decision in White, the trial court's decision to classify Reynolds as a sexual predator must be reversed. Upon remand, the trial court shall redetermine whether Reynolds is a sexual predator, as defined in R.C. 2950.01(E), without being required to consider any of the factors set forth in R.C.2950.09(B)(2). The trial court may consider any of the factors set forth in the statute, together with any other factors it may deem relevant. The trial court is not required to hold a new hearing.
Reynolds's Sixth Assignment of Error is sustained to the extent indicated.
 IV
Reynolds's Sixth Assignment of Error having been sustained to the extent indicated, and his other assignments of error having been overruled, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
FAIN, J., concurs.
BROGAN, J., dissenting in part and concurring in part for the reasons I expressed in State v. White, supra.
Copies mailed to:
James D. Bennett, David H. Bodiker, Robert L. Lane, Hon. Robert Lindeman.